```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
NISSAN MOTOR ACCEPTANCE COMPANY LLC,

                Plaintiff,                    MEMORANDUM AND ORDER

          - against -                         25 Civ. 3025 (NRB)

JOVAN FLUDD,

                Defendant,

--------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On June 26, 2025, petitioner Nissan Motor Acceptance Company LLC ("Nissan" or "petitioner") filed a motion to confirm an arbitration award pursuant to § 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9.  ECF No. 8.  Nissan attached to its motion copies of the Arbitration Award, ECF No. 8-1, and the Demand for Arbitration, ECF No. 8-2.  Respondent Jovan Fludd ("Fludd" or "respondent") has not advanced any specific argument in opposition to the motion, objecting instead to this Court's exercise of jurisdiction over him.  ECF No. 9.

"It is well established that courts must grant an [arbitrator's] decision great deference."  Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  Accordingly, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court , and the court must

grant the award unless [it] is vacated, modified, or corrected," D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted), even if there is "a barely colorable justification for the outcome reached," Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Intern. Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

The FAA sets out limited circumstances under which a district court may vacate an arbitral award, namely:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct . . . ; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  The Second Circuit has also held that, under § 10 of the FAA, "an arbitrator's award may also be vacated where the arbitrator's award is in manifest disregard of the terms of the [parties'] agreement."  Schwartz v. Merrill Lynch & Co., 665

F.3d 444, 452 (2d Cir. 2011) (internal quotation and citation omitted).

None of the above circumstances applies. Petitioner has provided the Court with the Demand for Arbitration and the Arbitration Award, ECF Nos. 8-1 and 8-2, and has sufficiently supported its petition and demonstrated the lack of any material fact in dispute, ECF No. 8. Given that respondent has not advanced any specific arguments in opposition to petitioner's motion, the motion is granted, as required by the FAA.

The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 8 and close the case.

Dated:   August 12, 2025
         New York, New York

                                            _____
                                              NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE